UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY, | Case No.  1:25-cv-01074-KES-HBK (PC) |
| Plaintiff, | ORDER DIRECTING DEFENDANT TO SUBMIT STATE COURT RECORD TO INCLUDE SERVICE FORMS |
| v. | |
| MEHTA, et al., | TWENTY-ONE DAY EADLINE |
| Defendants. | |

Pending before the Court is Plaintiff's motion to remand this action back to state court filed on September 18, 2025.  (Doc. 7).  Defendants California Department of Corrections and Rehabilitation ("CDCR"), California Correctional Health Care Services ("CCHCS"), S. Heyne, A. Mehta, and M. Whittaker filed an opposition to the motion on October 9, 2025.  (Doc. 8). Plaintiff filed a timely[1] reply in support of his motion on January 26, 2026.  (Doc. 12).

Plaintiff originally commenced this action by filing a civil complaint in Sacramento County Superior Court on June 17, 2025 entitled *Solvey v. Mehta, et al.*, Case No. 25CV-14337 against the following defendants  (1) Dr. Anand Mehta; (2) S. Gates; (3) Eric McDaniel; (4) Steve Heyne; (5) Conall McCabe; (6) Michael Whittaker; (7) T. Henne; (8) CDCR; (9) CCHCS; and

---

[1] On December 18, 2025, Plaintiff advised the Court that he had not received Defendants' opposition and produced his mail log that reflecting no mailing from the Deputy Attorney General. The Court directed Defendants to re-serve its opposition and granted Plaintiff an extension of time to file a reply.  (Doc. 10).

(10) Lauren Barnak.  (Docs. 1, 1-1, 1-2).  On August 18, 2025, Defendants CCHCS, CDCR, S. Gates, S. Heyne, A. Mehta, and M. Whittaker removed the action to this court based on federal question.  (Doc. 1).  In the Notice of Removal, Defendants state "This Notice of Removal is timely filed within thirty days of the date Defendant received the Summons and Complaint."  (*Id.* at 2 ¶ 4).  Defendants attach only Plaintiff's complaint with exhibits, which number over 100 pages, to their Notice of Removal but omit copies of process, or court orders, if any, as required by § 1446(a).  The failure to attach proof of service of summons is a *de minimis* defect and not alone grounds for remand.  *Kristek v. Travelers Home & Marine Ins. Co.*, 2021 WL 4924748, at *3 (9th Cir. Oct. 21, 2021) (finding failure to include proof of summons served on every defendant with the notice of removal is a "*de minimis* defect" that is curable even after the 30-day removal period has expired) (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013)).

Here, Plaintiff seeks to remand this action to state court on the basis that Defendants' removal is "[p]rocedurally [d]efective and deficient."  (Doc. 7 at 1).  Specifically, Plaintiff argues (1) Defendants did not timely effect the removal within 30 days of service and (2) all Defendants did not consent to removal.  (*Id.* at 1).  In opposition, contrary to their averment in the Notice of Removal, Defendants contend they were not properly served according to the requirements of the California Code of Civil Procedure but are waiving proper service to proceed before this Court. (Doc. 8 at 2).  Defendants contend that the summons served by Plaintiff was defective because Plaintiff failed to complete the Judicial Council Form SUM-100 mandated by the California Code of Civil Procedure sections 412.20 and 465.  (*Id.*).  Specifically, Defendants point out that Plaintiff did not complete the "Notice to the Person Served" section of the SUM-100 mandatory form.  (*Id.*).  As evidence, Defendants attach a copy of a single summons to their opposition.  (*Id.*, Exh. A at 5-6).  In reply, Plaintiff argues that the notice Defendants received regarding the state court suit satisfied California's "substantial compliance" requirement.  (Doc. 12).  Plaintiff further argues Defendants forfeited any objection to the propriety of service by failing to timely move to quash service in state court.  (*Id.*).  Additionally, Plaintiff asserts the mandatory portion of the summons cited by Defendants applies only to corporate defendants.  (*Id.*).

The thirty-day period for removal commences from the date of proper service of process, not by mere receipt of the complaint without any formal service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)).  This Court has jurisdiction to determine whether service was defective under California law.  28 U.S.C. § 1448.  *See generally Shah v. Meier Enters., Inc.*, 857 F.3d 1019, 1022 (9th Cir. 2021) (affirming a court order holding that proper service was not made until later date, and thus, removal was timely).

To determine whether service was proper, the Court requires the service documents (SUM-100) served upon each of the defendants as well as the proofs of service (POS-010) filed with the state court.[2]

Accordingly, it is hereby ORDERED:

Within twenty-one (21) days of the date of this Order, Defendants shall:

    a.   supplement the record with the full state court record, including proofs of service filed with the state court; and

    b.   file copies of the service document served upon each defendant to the extent they contend the document demonstrates that service was defective.

Dated:    February 6, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The sole attached summons reads "NOTICE TO DEFENDANT: Dr. Anand Mehta" on the top of the first page.  (Doc. 8, Exh. A at 1).  The "Notice to the Person Served" portion on this summons was not completed. Defendant argues service is defective solely based upon the fact that the this portion of the form was left blank.

3