UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY, | Case No. 1:25-cv-01074-KES-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION TO REMAND[1] |
| v. | |
| MEHTA, et al., | (Doc. 7) |
| Defendants. | |

Pending is Plaintiff's motion to remand this action to state superior court, filed September 18, 2025.  (Doc. 7).  Defendants California Department of Corrections and Rehabilitation ("CDCR"), California Correctional Health Care Services ("CCHCS"), Steve Heyne, Anand Mehta, and Michael Whittaker filed an opposition on October 9, 2025, and Plaintiff replied on January 26, 2026.[2]  (Docs. 8, 12).  For the reasons below, the undersigned recommends the motion to remand be granted.

**BACKGROUND**

Plaintiff filed this action on June 17, 2025, in Sacramento County Superior Court as

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

[2] After Plaintiff advised the Court that he had not received Defendants' opposition and produced his mail log reflecting no mailing from the Deputy Attorney General, the Court directed Defendants to re-serve its opposition and granted Plaintiff an extension of time to file a reply.  (Doc. 10).

*Solvey v. Mehta, et al.*, Case No. 25CV-14337, naming: (1) Dr. Anand Mehta; (2) S. Gates; (3) Eric McDaniel; (4) Steve Heyne; (5) Conall McCabe; (6) Michael Whittaker; (7) T. Henne; (8) CDCR; (9) CCHCS; and (10) Lauren Barnak.  (Docs. 1, 1-1, 1-2).  On August 18, 2025, Defendants CCHCS, CDCR, S. Gates, S. Heyne, A. Mehta, and M. Whittaker removed the action on the basis of federal question.  (Doc. 1).  Their Notice of Removal states that it "is timely filed within thirty days of the date Defendant received the Summons and Complaint" and attaches the state complaint and over 100 pages of exhibits.[3]  (*Id.*at 2).

Plaintiff moves to remand, arguing removal is procedurally defective because (1) Defendants failed to remove within 30 days of service, and (2) not all Defendants consented to removal.  (Doc. 7 at 1).  In opposition, Defendants assert service was improper under California Code of Civil Procedure because Plaintiff did not fully complete Judicial Council Form SUM-100—specifically, the "Notice to the Person Served" section—though they waive proper service to proceed in this Court.  (Doc. 8 at 2). [4] Defendants attach a summons showing the SUM-100 form with that section left entirely blank.  (*Id.*, Exh. A at 5-6).[5]

Plaintiff replies that the summons substantially complied with California requirements, that Defendants forfeited objections to service by failing to timely move to quash service in state court, and that the portion of the summons relied upon by Defendants apply only to corporate

---

[3] Defendants' "Notice of Removal" omitted copies of process as required by § 1446(a).  (*See* Docs. 1, 1-1, 1-2)  The Court finds this is a *de minimis* defect and not alone grounds for remand.  *Kristek v. Travelers Home & Marine Ins. Co.*, 2021 WL 4924748, at *3 (9th Cir. Oct. 21, 2021) (finding failure to include proof of summons served on every defendant with the notice of removal is a "*de minimis* defect" that is curable even after the 30-day removal period has expired) (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013)).

[4] In the "Notice to the Person" section, there are boxes to place a checkmark indicating that the person is being served "as an individual defendant," "as the person sued under the fictitious name of (*specify*)," "on behalf of *(specify)*" and "by personal delivery on *(date)*." (Doc. 8 at 5). If the box for service on behalf of another is checked, the form provides additional boxes to be checked to indicate which Code of Civil Procedure section or other statutory authority this service is being done pursuant to. (*Id.*).

[5] Defendants attached one summons as evidence of the fact that each Defendant received a summons with the "Notice to the Person Served" section not completed.  Defendants not only did this in the exhibit attached to the opposition (Doc. 8, Exh. A at 5-6) but also in their supplementation of the record.  (Doc. 15-1 at 32-33).  Defendants took this approach in their supplementation even after the Court expressly ordered Defendants to provide the SUM-100 form that was served upon each Defendant.  (Doc. 13 at 3).

2

defendants. (Doc. 12).

## APPLICABLE LAW

A defendant may remove a civil action brought in state court to federal court when the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  Subject-matter jurisdiction may rest on diversity or federal question.  28 U.S.C. §§ 1331, 1332.  Under the "well-pleaded complaint rule," federal jurisdiction exists only when a federal question appears on the face of the properly pleaded complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

A defendant must remove the action within 30 days of being properly served with the initial pleading or summons.  28 U.S.C. § 1446(b)(1); *Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo*, 635 F.3d 1128, 1133 (9th Cir. 2011) (finding that the 30-day period does not commence if service is not proper).  For multiple defendants, each defendant has 30 days from its own service date.  28 U.S.C. § 1446(b)(2)(B).  A plaintiff may move to remand within 30 days of removal for a procedural defect.  *Id.*; 28 U.S.C. § 1447(c).

The removing party bears the burden of showing removal is proper by a preponderance of the evidence.  *Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  A motion to remand is the proper vehicle to challenge removal, and doubts are resolved in favor of remand.  *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 993 (9th Cir. 2022) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## ANALYSIS

### A. Timeliness of Removal

Plaintiff contends the last Defendant was served on July 16, 2025, making August 15, 2025, the 30-day deadline for removal.  (Doc. 7 at 3 ¶ 12, Exh. A at 1).  The Proof of Service of Summons (POS-010) forms supports this date, and Defendants do not dispute that they received summons by July 16, 2025.  (Doc. 15-1 at 40-49; Doc. 8).  Defendants filed their notice of removal on August 18, 2025,[6] three days late; so, if service was proper, removal was untimely.

---

[6] To compute the thirty-day deadline, the Rules direct that a party shall "exclude the day of the event that triggers the period," *i.e.*, the date of service (July 16, 2025), "count every day, including intermediate

3

Section 1446(b)(1)'s 30-day deadline is strictly mandatory and cannot be equitably tolled. *Enbridge Energy, LP v. Nessel on behalf of Michigan*, No. 24-783, 608 U.S. ---- , ---- S. Ct. ----, 2026 WL 1083312, at *6, 9 (U.S. Apr. 22, 2026); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

Under 28 U.S.C. § 1448  the district court may address pre-removal defects in service, and state law governs whether service was proper. *Chacon v. San Bernardino*, No. 5:24-CV-00140-MRA-SHK, 2024 WL 4291248, at *7-8 (C.D. Cal. July 19, 2024), *report and recommendation adopted sub nom. Chacon v. San Bernardino Cnty.*, No. 5:24-CV-00140-MRA-SHK, 2024 WL 4291855 (C.D. Cal. Sept. 24, 2024) (citing *Shah v. Meier Enters., Inc.*, 857 F.3d 1019, 1022 (9th Cir. 2021); *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017)).  Service in California is governed by the California Code of Civil Procedure.  Cal. Civ. Code §§ 413.10-417.90. Section 412.20(a) lists the required contents of a summons: (1) court title; (2) party names; (3) direction to respond; (4) notice of default; (5) advisement of right to counsel; and (6) a bilingual "Notice! You have been sued…" at the top. Cal. Civ. Proc. Code § 412.20(a). "Compliance with the statutory procedures for service of process is essential," and a judgment entered without proper service is void. *Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1444 (Cal. Ct. App. 1994).

California permits personal service or substituted service at a defendant's usual place of business on a person "apparently in charge," and also service on an authorized agent. Cal. Civ. Proc. Code §§ 415.10, 415.20, 416.90; *O'Haire v. Napa State Hospital*, 2010 WL 3929690, at *3 (N.D. Cal. 2010).

Defendants argue that the 30-day removal period never began because Plaintiff left the "Notice to the Person Served" section on the mandatory SUM-100 form blank, purporting

---

Saturdays, Sundays, and legal holidays," and "include the last day," "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday."  Fed. R. Civ. P. 6(a)(1)(A), (B), (C).  Based on the Rules' computation directives, excluding the date of service (July 16, 2025), thirty-days from Thursday, July 17, 2025 falls on Friday, August 15, 2025.

4

violating Cal. Civ. Proc. Codes §§ 412.20 and 465.  (Doc. 8 at 2).  They identify no other defect in service.  (*Id.*).

The Court finds no authority requiring completion of the "Notice to the Person Served" section on SUM-100 as a condition of proper service on individuals or state entities.  Sections 412.20 and 465 do not impose such a requirement, and Defendants do not explain how they would.  (*See* Doc. 8).  Section 465 governs the filing and service of later pleadings, not completion of specific fields on the summons. Cal. Civ. Proc. Code § 465.  Section 412.20 lists six required contents of a summons, and none is the "Notice to the Person Served" section.  Cal. Civ. Proc. Code § 412.20.

The Court finds *Nordstrom v. Dean* instructive.  No. CV157607DMGFFMX, 2016 WL 10933077, at *12 (C.D. Cal. Jan. 8, 2016), *aff'd*, 700 F. App'x 764 (9th Cir. 2017).  In *Nordstrom*, involving an employee of a public entity, the court held that section 412.20 does not require notice whether a defendant is sued in an individual or official capacity and found no authority to that effect, concluding that such an omission did not prejudice the defendants.

> Nothing in section 412.20 requires notice to a defendant of whether she is being sued in her individual or official capacity. *See* Cal. Civ. Proc. Code § 412.20. The Sheriff has not identified a relevant statutory provision or case so requiring, nor is the court aware of any. There is no indication that Defendant did not receive sufficient notice of the complaint or that he was prejudiced by the failure to identify whether he was being sued in his individual or official capacity. In *Matthews*, the failure to distinguish between individual and official capacity was prejudicial, in that the defendant was not aware that he was required to join in the removal as an individual defendant. Here, given that the Sheriff is the sole Defendant, no such confusion has arisen.

*Id.* (citing *Matthews Metals Products, Inc. v. RBM Precision Metal Products, Inc.*, 186 F.R.D. 581, 582 (N.D. Cal. 1999)).  Here, as in *Nordstrom*, section 412.20 contains no requirement to complete the "Notice to the Person Served" section, and Defendants do not show they lacked notice or suffered prejudice from that omission.

By contrast, *Matthews* cited by *Nordstrom* , involved a partially completed "Notice to the

5

Person Served" section that created confusion about whether the defendant was being sued individually or only on behalf of a corporation, which in turn affected the consent-to-removal analysis. There, the summons stated the person was served on behalf of a corporation, and the "individual defendant" box was not checked, so he was not clearly put on notice he was sued individually. In the instant case, the "Notice to the Person Served" section was left entirely blank as to all Defendants, and no Defendant claims confusion about being sued or prejudice arising from the blank section.

*Mannesmann DeMag, Ltd. v. Superior Ct.*, 172 Cal. App. 3d 1118 (Cal. Ct. App. 1985), the only case cited by Defendants, is similarly distinguishable. There, the defendant's name did not appear anywhere on the summons, and the court relied on Cal. Civ. Proc. Code § 412.30, which imposes additional notice requirements when serving corporations or unincorporated associations, to find service improper. Section 412.30 requires specific language in the "Notice to the Person Served" section when serving a corporation or association and bars defaults if that notice is omitted. In *Mannesmann*, no boxes were checked, so the return failed to describe who was being served or in what capacity, and the defendant's name did not appear. Accordingly, the *Mannesmann* court's basis for ruling that service was improper was entirely grounded in § 412.30 as well as in the lack of Defendants' names appearing anywhere in the summons. *See id.* at 1122-23.

Here, Plaintiff sues CDCR, CCHCS, and individual employees of CCHCS and CDCR, and all Defendants are named in the summons. (Docs. 1, 1-1, 1-2). CDCR and CCHCS are state agencies, which are public entities under California law, not corporations or unincorporated associations. *In re CIM-SQ Transfer Cases*, 2025 WL 890480, at *21 (N.D. Cal. Mar. 21, 2025); Cal. Civ. Code. § 811.2. Defendants cite no authority to treat them as corporations or unincorporated associations for purposes of § 412.30. Thus, § 412.30 does not apply, and *Mannesmann* does not support Defendants' position.

The Court has not located any authority holding that completion of the "Notice to the Person Served" section on Judicial Council form SUM-100 is required to effect valid service on either individual defendants or state agencies such as CDCR and CCHCS. Section 412.20(a) of

6

the California Code of Civil Procedure sets out the mandatory contents of a summons and does not list that section, and Defendants cite no statute extending the additional "notice" requirements of section 412.30—which by its terms applies to corporations and unincorporated associations— to public entities or their employees.  Nor have Defendants identified, and the Court has not found, any California or federal decision deeming service defective solely because the  "Notice to the Person Served" portion of the SUM-100 form was left entirely blank in a non-§ 412.30 context. [7]  The Court therefore concludes that, even under a strict compliance analysis, leaving the "Notice to the Persons Served" section of the SUM-100 form blank does not, by itself, render service improper where the statutory elements of § 412.20(a) were met.

In any event, California law liberally construes service provisions "to uphold jurisdiction, rather than defeat it," and substantial compliance is sufficient if the defendant receives actual notice.  *Team Enters., LLC v. W. Inv. Real Est. Tr.*, 2008 WL 4367560, at 3 (E.D. Cal. Sept. 23, 2008) (citing *Pasadena Medi-Center Assocs. v. Sup. Ct. (Houts)*, 9 Cal. 3d 773, 778 (1973); *Summers v. McClanahan*, 140 Cal. App. 4th 403, 407–11 (Cal. Ct. App. 2006)).  In *Team Enters.*, the court found substantial compliance where service was made at an address and on an individual whose authority to accept service was contested, because the complaint nevertheless reached the proper corporate authority and no prejudice occurred.  The same reasoning applies here where no Defendant claims lack of notice or prejudice and they identify no defect beyond the blank "Notice to the Person Served" section.  Thus, alternatively, because service was at least in substantial compliance, Defendants had actual notice, and no prejudice is shown, the 30-day removal period began upon service and expired on August 15, 2025.  Defendants' August 18, 2025 removal was therefore untimely

---

[7] *See, e.g., Chacon v. San Bernardino*, No. 5:24-CV-00140-MRA-SHK, 2024 WL 4291248, at *9 (C.D. Cal. July 19, 2024), *report and recommendation adopted sub nom. Chacon v. San Bernardino Cnty.*, No. 5:24-CV-00140-MRA-SHK, 2024 WL 4291855 (C.D. Cal. Sept. 24, 2024) ("Plaintiff not only left blank the 'Notice to the Person Served[,]' but Defendants Campos and Burns' names do not appear anywhere on the Summons themselves."); *Turner v. Hertz Corp.*, No. F065250, 2014 WL 2432891, at *5 (Cal. Ct. App. May 30, 2014) ("In *Mannesmann,* as here, the name of the defendant that plaintiff claims to have served did not appear on the face of the summons."); *MJS Enters., Inc. v. Superior Ct.*, 153 Cal. App. 3d 555, 557-58 (Cal. Ct. App. 1984) (ruling that "the default taken against defendant is expressly prohibited by section 412.30" because the "Notice to the Person Served" section only discussed service upon an individual without "indicat[ing] that the process is directed to defendant MJS Enterprises, Inc.").

Finally, the Court notes Defendants first raised the "Notice to the Person Served" argument in their opposition to remand, not in their Notice of Removal, which affirmatively represented that removal was timely.  (*See* Doc. 1 at 2 (stating "[t]his Notice of Removal is timely filed within thirty days of the date Defendants received the Summons and Complaint.")).  A defendant may not introduce new grounds for removal or new theories affecting the 30-day clock for the first time in opposition to a remand motion.  *Pasoon v. Careerist, Inc.*, No. 25-CV-05217-HSG, 2025 WL 2998159, at 1 n.1 (N.D. Cal. Oct. 24, 2025) (citing *Lindsey v. WC Logistics, Inc.*, 586 F. Supp. 3d 983, 992 n.4 (N.D. Cal. 2022)); *see Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) (citing *ARCO Envt'l Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000)) ("The notice of removal cannot be amended to add new bases for removal after the thirty day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand.")).  .

## B. Lack of Unanimous Consent

Plaintiff also argues that remand is warranted because not all Defendants consented to removal, as required when removal rests on federal-question jurisdiction.  (Doc. 7 at 1).  This argument succeeds for the same reason: because service was proper and the 30-day period has expired, the time for all Defendants to consent has passed.

Although 28 U.S.C. § 1446 permits a later served defendant to obtain consent from earlier served defendants outside their own 30-day service period, it still requires that consent be obtained within the 30-day removal period.  *See Lopez v. Michael Weinig, Inc.*, No. CV 20-6012 PA (JEMX), 2020 WL 4192260, at *2 (C.D. Cal. July 17, 2020) (stating "the *Palmeira* court recognized that Congress did not intend for the removal statute to 'allow an indefinite period for removal'" and "'[r]equiring a later-served defendant to obtain consent within 30 days is not an unfair burden.'") (alteration in original) (quoting *Palmeira v. CIT Bank, N.A.* 2017 WL 4797515, at *4, 6 (D. Haw. Oct. 24, 2017); *Lewis v. HSBC Bank USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *7 (D. Haw. Aug. 25, 2017), *report and recommendation adopted*, No. CV 17-00234 DKW-KSC, 2017 WL 4019416 (D. Haw. Sept. 12, 2017) (citations omitted) (stating

8

"the 30-day limitations found in other subsections of § 1446 are instructive, particularly in view of Ninth Circuit precedent and the strict procedural requirements associated with removal" and that "Section 1446(b)(2)(C) . . . does not provide an open-ended opportunity to consent to removal at any time during the course of a case.").

Because service was not improper and not all Defendants consented to removal, the failure to obtain unanimous consent from all served Defendants provides an additional basis for remand.

Accordingly, it is **RECOMMENDED**:

1.  Plaintiff's Motion to Remand (Doc. 7) be GRANTED.

2.  This case be remanded to the Sacramento County Superior Court at Case No. 25CV-14337.

////

////

////

**NOTICE TO PARTIES**

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the

9

Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.


Dated:     April 29, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

10